IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re cases filed by<br><br>CYBER EBOT WATTSON,<br><br>      Plaintiff,<br>_____/ | No. C 14-0803 CW<br><br>ORDER TO SHOW<br>CAUSE WHY COURT<br>SHOULD NOT ISSUE<br>PRE-FILING ORDER |

    Between February 21, 2014 and May 5, 2014, Cyber Ebot Wattson filed twenty-four cases in this District.  See attached Addendum (listing the twenty-four cases filed by Mr. Wattson since February 21, 2014).  All of the cases were assigned to this judge for appropriate action.  In each of these cases, Mr. Wattson seeks to proceed in forma pauperis.

    In light of this litigation history, the Court considers sua sponte whether it is necessary and appropriate to impose a pre-filing order on Mr. Wattson.

## LEGAL STANDARDS

    Federal courts have the inherent power "to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances."  DeLong v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990).  One such carefully tailored restriction is an order requiring a litigant to seek permission from the court prior to filing any future suits.  Id. at 1146-47.  As noted by the Ninth Circuit, district courts

"bear an affirmative obligation to ensure that judicial resources are not needlessly squandered on repeated attempts by litigants to misuse the courts." O'Loughlin v. Doe, 920 F. 614, 618 (9th Cir. 1990). Nonetheless, pre-filing review orders should rarely be used. Moy v. United States, 906 F.2d 467, 470 (9th Cir. 1990). A pre-filing order "cannot issue merely upon a showing of litigiousness." Id. The plaintiff's claims must not only be numerous, but also be patently without merit. Id.

The Ninth Circuit has established four guidelines "to maintain this delicate balance between broad court access and prevention of court abuse." O'Loughlin, 920 F.2d at 617. Before a court enters a vexatious litigant order: (1) the plaintiff must be given adequate notice to oppose entry of the order; (2) the court must present an adequate record by listing the case filings that support its order; 3) the court must make substantive findings of frivolousness or harassment; and (4) the order must be narrowly tailored to remedy only the plaintiff's particular abuses. Id.; DeLong, 912 F.2d at 1147-49.

DISCUSSION

I. Notice

Before a pre-filing order may be entered, due process requires that the litigant be provided with notice and an opportunity to oppose the order. De Long, 912 F.2d at 1147.

2

Accordingly, the Court is issuing this Order to Show Cause prior to entering any order.

## II. Adequate record for review

The district court must create a record for review which includes a listing of all the cases and motions that led it to conclude that a pre-filing order was needed. The record must at least show, in some manner, that the litigant's activities were numerous or abusive. See id.

The Court has attached an Addendum to this order. The Addendum consists a report from ECF, the Court's online docket system that lists the twenty-four cases that have led the Court to conclude that a pre-filing order may be necessary.

## III. Substantive Findings of Frivolousness or Harassment

The district court must make substantive findings as to the frivolous or harassing nature of the litigant's actions. It must find the litigant's claims frivolous after looking at both the number and content of the filings, or, alternatively, find that the claims show a pattern of harassment. See id. at 1148.

Looking at the large number of filings and their content, the Court determines that Mr. Wattson's claims are frivolous. As noted above, Mr. Wattson has filed twenty-four cases in an eight-week period. In each case Mr. Wattson filed an application to proceed in forma pauperis. The Court granted the application in each case, but dismissed all of the complaints for failure to

3

state a claim. In addition, the Court found that Mr. Wattson's complaints lack an arguable basis in law, and an arguable basis in fact. See Jackson v. Arizona, 885 F.2d 639, 640-41 (9th Cir. 1999) (complaint is frivolous and subject to dismissal if it is incomprehensible and lacks an arguable basis in law or fact). Thus, the Court made a substantive finding as to the frivolous nature of Mr. Wattson's actions.

4.   Breadth of Order

The district court must narrowly tailor the proposed pre-filing order to "closely fit the specific vice encountered." Delong, 912 F.2d at 1148. An order preventing a litigant from filing any further actions without leave of court, for example, ordinarily is overly broad and cannot stand. See id.; Moy, 906 F.2d at 470-71.

When the Ninth Circuit held in Moy that an order preventing a vexatious litigant from filing any actions without leave of the court was overly broad, the court specifically noted, "There is no evidence on this record that Moy has a general history of litigious filing." Moy, 906 F.2d at 471. Similarly, in DeLong, where the Ninth Circuit held that a similar order was overly broad, the litigant's history involved repeated filings related to a specific dispute with particular defendants. DeLong, 912 F.2d at 1145-46. On that record, the district court likewise could not have concluded that DeLong had a general history of litigious

4

filing.  Here, by contrast, Mr. Wattson has filed twenty-four cases containing often incomprehensible allegations related to his assertion that he is not a human but a member of the "Cybernetic Controller Cop Operatives."

The "specific vice" encountered by the Court is the volume of incomprehensible complaints filed by Mr. Wattson, without cognizable claims for relief.  Although recurring themes, such as Mr. Wattson's identity as a robot or a "cybernet citizen", sexual slavery, abduction and torture, the misidentification of Mr. Wattson as either Aaren or Darren Striplin and hijacked airplanes dominate Mr. Wattson's filings, a pre-filing order cannot be limited to specific subject matter, because the problem of incomprehensibility is not tied to any particular subject matter.  On this record, the Court concludes that Mr. Wattson has a general history of litigious filing.  This history justifies a general order requiring pre-filing review by this Court of any action filed by Mr. Wattson.

Unless Mr. Wattson shows cause why it should not be issued, the Court intends to issue the following pre-filing order, which will be applicable to any action Mr. Wattson files in this Court:

"IT IS HEREBY ORDERED that the Clerk of this Court shall not accept for filing any further complaints filed by Cyber Ebot Wattson, until that complaint has first been reviewed by the Court.  A two-stage pre-filing review will be conducted before

leave is granted to file the action.  First, if the complaint is related to any of the following subject matters:

    (1)  Mr. Wattson's identity as a robot or a "cybernet citizen;"
    (2)  sexual slavery;
    (3)  abduction and torture;
    (4)  the misidentification of Mr. Wattson as either Aaren or Darren Striplin; or
    (5)  hijacked airplanes

it will not be filed unless it presents cognizable claims that are not based on merely conclusory allegations.  Second, no other complaints filed by Mr. Wattson will be filed unless they contain intelligible factual allegations and claims for relief.  All cases filed by Mr. Wattson shall be forwarded to the undersigned for pre-filing review."

    Within thirty days of the date of this Order, Mr. Wattson may file a statement showing cause why this order should not be issued.  If he fails to file the statement or if he fails to show cause why the order should not be filed, the order shall be entered and it shall be applicable in all future actions filed by Mr. Wattson.

    IT IS SO ORDERED.

Dated: 5/22/2014

                              CLAUDIA WILKEN
                              United States District Judge